195 So.2d 920 (1967)
MARLBORO SHIRT COMPANY (RELIANCE MANUFACTURING COMPANY) And American Mutual Liability Insurance Company, Employer/Carrier-Appellant,
v.
Mrs. Cordell WHITTINGTON, Claimant-Appellee.
No. 44299.
Supreme Court of Mississippi.
February 27, 1967.
K. Hayes Callicutt, Satterfield, Shell, Williams & Buford, Jackson, for appellant.
Melvin, Melvin & Melvin, Laurel, for appellee.
PATTERSON, Justice.
This is an appeal from the Circuit Court of the Second Judicial District of Jones County wherein the court reversed an order of the Workmen's Compensation Commission which dismissed appellee's petition for review.
The sole question to be decided is whether claimant's notice of appeal and petition *921 for review of the attorney-referee's opinion was filed with the commission within twenty days as required by Mississippi Code Annotated section 6998-24 (1952) and Procedural Rule 10, Rules and Regulations of the Mississippi Workmen's Compensation Commission.
Mississippi Code Annotated section 6998-24 in part is as follows:
(T)he commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be final, unless within twenty (20) days a request or petition for review by the full commission is filed. (Emphasis added.)
Procedural Rule 10 of the Workmen's Compensation Commission reads, in part:
REVIEW HEARINGS. In all cases where either party desires a review before the full Commission from the decision rendered at the initial hearing, the party desiring the review shall within twenty days of the date of said decision file with the Secretary of the Commission a written request or petition for review before the full Commission. * * * (Emphasis added.)
If the petition for review was not filed within twenty days, the action is barred since this section is jurisdictional. Gulf, Mobile & Ohio Railroad Co. v. Forbes, 228 Miss. 134, 87 So.2d 488 (1956).
It is undisputed that on May 17, 1965, the attorney-referee rendered his decision on this claim and gave notice to the parties as required by law; and that on June 7, 1965, at 7:30 a.m., claimant's petition for review was marked filed by the Work men's Compensation Commission.
Claimant contends that the petition for review was mailed on June 5, 1965, and that by starting with the first day after May 17 and counting therefrom, the twentieth day would be Sunday, June 6, 1965, and that filing the petition for review on the first business day thereafter, Monday, June 7, 1965, was sufficient to meet the requirements of the statute. We are of the opinion this argument is not well taken as this Court has held that if by the exclusion of the first day, the last day of the computation falls on Sunday, then the first day is counted and the last day excluded as provided by Mississippi Code Annotated section 705 (1956). See Gulf, Mobile & Ohio Railroad Co. v. Forbes, 228 Miss. 134, 87 So.2d 488 (1956) and Nickles v. Kendrick, 76 Miss. 334, 24 So. 534 (1899).
By following the formula set forth in these cases the first day, which was May 17, would be included and the last day would be Saturday, June 5, 1965. The Workmen's Compensation Commission office is open for business on Saturdays until noon. The petition for review could have been timely filed no later than this date.
We are of the opinion that the trial court erred in reinstating the claimant's petition for review and the order of the Workmen's Compensation Commission dismissing the petition is hereby reinstated.
Reversed and rendered.
GILLESPIE, P.J., and INZER, SMITH, and ROBERTSON, JJ., concur.