291 So.2d 716 (1974)
DAY DETECTIVES, INC., and Travelers Insurance Company
v.
Hershel SAVELL.
No. 47407.
Supreme Court of Mississippi.
March 4, 1974.
Rehearing Denied April 8, 1974.
*717 Daniel, Coker, Horton, Bell & Dukes, Donald V. Burch, Jackson, for appellant.
Pyles, Tucker & Cupit, Jackson, for appellee.
WALKER, Justice:
This appeal arose out of a workmen's compensation case. Appellee-claimant, *718 Hershel E. Savell, filed an application (B-5,11) for workmen's compensation benefits against appellants, Day Detectives, Inc., employer, and Travelers Insurance Company, carrier, on December 11, 1969. In his application he claimed that on May 22, 1969, he was employed by appellant detective company and while working as a security guard at the Clarion Ledger building in Jackson, Mississippi, suffered a cerebral thrombosis and myocardial infarction. He further stated that the injury was sustained around midnight while he was patrolling the Clarion Ledger building, and, as a result, he is permanently and totally disabled.
In response to claimant's application for workmen's compensation benefits, appellants denied that the claimant sustained an accidental injury arising out of and in the course of his employment and averred that claimant's disability, if any, was due to a prior existing disease, handicap or lesion, or if mistaken, that a prior existing disease, handicap or lesion substantially contributed to the disability alleged.
A hearing date was set in due course and Hershel E. Savell testified as the only witness in his behalf. His testimony was that he had begun work for Day Detectives in October of 1967 and that he received his injury on May 20, 1969, while working as a security guard at the Clarion Ledger building in Jackson. He stated that he worked from 5:30 p.m. until 7:00 a.m. and that his patrolling duties involved five rounds a night covering the three floors of the building; that while not patrolling he was stationed in a guardhouse outside the building and would check in trucks as they entered the rear parking lot. He testified that while on his second round at approximately 9:00 p.m., his arms began to hurt and he experienced pain in his chest; that upon returning to the guardhouse he called his supervisor and asked for relief but none was ever sent; that on his third round at approximately midnight his arms and chest were still hurting and after taking a glycerin tablet and resting for a few minutes he returned to the guardhouse where he experienced a severe headache and a continuation of the pain in his arms and chest; that at approximately 1:00 a.m., while in the guardhouse, he became dizzy and fell off of the stool upon which he had been sitting; that the manager of the mail room and another employee rushed to his assistance, called an ambulance and that he was taken to the Baptist Hospital where he remained for seven days after which he was transferred to Hinds General Hospital. He testified that he remained in Hinds General Hospital from May 29, 1969, until June 6, 1969, during which time he was treated by Dr. J.D. Mitchell who he says told him that he had experienced a heart attack and also had a stroke. Claimant further stated that since returning home on June 6, 1969, from the hospital that he has continued to experience pains in his chest and arms and still has headaches and dizziness. On cross-examination claimant Savell admitted that he had suffered heart attacks in 1967 and 1968 and had been treated by Dr. Mitchell for four years for this condition.
At this point the claimant rested, "relying on the presumption." And, in response, the appellants made a motion for the attorney-referee to enter an order in favor of the employer-carrier denying the claim for the reasons that the claimant failed to make a prima facie showing of any right under the Mississippi Workmen's Compensation Act and that he further failed to offer any medical proof which is required by the Act. Responding to that motion, the complainant argued: "[The] Presumption takes the place of it; this man suffered an accidental injury on the job... . There is no testimony here to overcome that presumption." The attorney-referee then overruled the objection of the appellants, recessed the hearing "to be reset in Jackson."
*719 Thereafter on November 4, 1970, the appellee-claimant filed a motion asking the Workmen's Compensation Commission, inter alia:
I.
A. To determine on the basis of the uncontroverted evidence the disability of the claimant or his incapacity because of the injury suffered by claimant on May 22, 1969, which arose out of and in the course of his employment.
... .
III.
A. Further in the alternative, if the Commission should refuse to grant the relief requested in paragraphs I and II hereof, the claimant moves the Commission:
1. To schedule a hearing and hear the testimony of:
a. Dr. J.D. Mitchell
b. Dr. Joseph P. Melvin, Jr.
B. In support of the relief requested in paragraph III hereof, claimant attaches hereto as a part hereof the following:
1. A copy of the narrative report of Dr. Joseph P. Melvin, Jr. and marked Exhibit "D" hereto.
2. Exhibit C attached hereto.
The pertinent parts of the letter from Dr. Mitchell which appellee-claimant referred to in the above motion reads as follows:
December 7, 1970
Mr. Dixon Pyles, Atty. 507 E. Pearl Street Jackson, Mississippi
Re: Mr. H.E. Savell
Dear Mr. Pyles:
Perhaps I can simplify the matter of Mr. Savell by stating that on 5-22-69, Mr. Savell experienced both a heart attack and a massive cerebral thrombosis in the cerebrum which resulted in a complete paralysis in the left side of his body. The paralysis has now become a hemiparesis. In other words some use of the left arm and leg has returned. As you are aware this was his second heart attack. Perhaps, the climbing of the steps and other activity did precipitate the heart attack, but the relationship to the cerebral thrombosis is difficult to determine because, as you know, cerebral thrombosis can and does occur to persons who are resting quietly. Of course, heart attacks can too, but they more frequently occur during periods of exertion.
At any rate, Mr. Savell is prominently and totally disabled for substantial, gainful employment based on either diagnosis, but when we put them together we surely do have a very sick man. He should never attempt to work again.
... .
Sincerely yours,
/s/ J.D. Mitchell M.D.
J. Daniel Mitchell, M.D.
Also, on November 4, 1970, the attorney-referee, without having reset the case for further hearing as he had indicated that he would do on October 5, 1970, and without knowledge that the above mentioned motion to determine disability or in the alternative to schedule a hearing and hear the testimony of Dr. Mitchell and Dr. Melvin had been filed, entered an order denying and dismissing appellee's claim for benefits and made the following findings:
That the claim of Hershel E. Savell for workmen's compensation benefits is unsupported by medical evidence as required by law.
Thereafter on November 6, 1970, the appellee-claimant filed a motion that the order of the attorney-referee of November 4, 1970, denying and dismissing appellee claimant's claim be withdrawn, alleging that:
1... . on said date claimant's Motion to Determine Disability was filed *720 in said cause, and the same was pending at the time said Attorney Referee Order was entered, but apparently was not delivered to the Attorney Referee, although claimant's said motion was exhibited to the Full Commission at the time it was filed.
......
6... . by said motion claimant further tenders the reports of physicians who have examined and treated him and whom he desires to call as witnesses if in the opinion of the Commission their testimony is required... .
The exact time of the issuance of the attorney-referee's order denying appellee's claim for benefits on November 4, 1970, as well as the exact time that appellee's motion to "determine disability" or in the alternative to schedule a hearing is not established with any degree of certainty. However at a hearing on the two motions on December 18, 1970, the attorney-referee testified that he did not know that the motions were pending at the time that he entered his order denying and dismissing appellee's claim and that if he had known that they were pending, he would not have issued the order.
Thereafter, on February 26, 1971, the attorney-referee, without explanation, entered orders overruling both motions. From that decision the claimant appealed to the Full Commission by filing his petition for review on March 2, 1971. On December 3, 1971, by order of the majority members of the commission, the previous decision of the attorney-referee overruling the claimant's two motions was upheld with one member dissenting.
An appeal was then taken to the Circuit Court of Hinds County where on January 5, 1973, a judgment was entered reversing the commission and remanding the case back to it for a full hearing on the merits. From that judgment, the employer-carrier has appealed to this Court.

I.
The appellant, in his first assignment of error, contends that the circuit court erroneously reversed the attorney-referee's order of November 4, 1970, and argues that the order was never appealed to the Full Commission nor to the circuit court as provided by Mississippi Code Annotated sections 71-3-47 and 71-3-51 (1972); and, as a consequence, the circuit court was without jurisdiction to pass upon said order.
Section 71-3-47 which is also known as section 18 of the Mississippi Workmen's Compensation Act provides, in part, that:
Informal conferences and hearings in contested cases may be conducted by a duly designated representative of the commission. Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.
It is a well recognized proposition of law that if the petition for review is not filed within twenty days, then the action is barred since section 18 is jurisdictional. Marlboro Shirt Co. v. Whittington, 195 So.2d 920 (Miss. 1967).
However, in the case sub judice, the appellee-claimant filed a motion to withdraw the attorney-referee's order dismissing the claim with the commission on November 6, 1970, just two days after the attorney-referee's order denying and dismissing the claim was entered. This motion referred to the letter of Dr. Mitchell noted above, which gave a summary of claimant's condition and which letter was a part of the record in the file of the commission and which motion recited that claimant desired to call the doctor as a *721 witness, if, in the opinion of the commission, the testimony was required.
We are of the opinion and so hold that claimant's motion for the commission to withdraw the attorney-referee's order of November 4, 1970, tolled the running of the twenty-day time within which a petition for review by the full commission should be filed. There was no final order of the attorney-referee from which to appeal until this motion was overruled on February 26, 1971.
The claimant thereafter promptly filed his petition for review before the full commission on March 2, 1971, which was not ruled on by the commission until December 3, 1971, at which time the commission upheld the decision of the attorney-referee overruling claimant's motion. The claimant then promptly took an appeal to the circuit court where on January 5, 1973, a judgment was entered reversing the commission and remanding the case back to them for a full hearing on the merits.
This record clearly shows that the claimant's attorney diligently pursued the interest of his client by acting promptly at every stage of the proceedings and that the long delays in obtaining rulings on his motions and petitions was through no fault of the attorney or his client. Therefore the appellants' contention that the Workmen's Compensation Commission and the Circuit Court were without jurisdiction to hear this matter is without merit.

II.
This brings us to the next question of whether the attorney-referee and the commission acted arbitrarily in refusing to reopen the case for the purpose of taking the testimony of Dr. Mitchell and Dr. Melvin for the purpose of developing the causal relationship between the injury and the employment, as well as the extent of the injury.
As a general rule, it is discretionary with the commission as to whether it will allow the case to be reopened for additional evidence to be heard by the referee or by the full commission and that the refusal of the commission to hear additional evidence is not subject to review in the absence of a clear abuse of discretion. Wells-Lamont Corp. v. Watkins, 247 Miss. 379, 151 So.2d 600 (1963). We have carefully considered the record in this case and are of the opinion that there was a clear abuse of discretion by the attorney-referee and the commission. After the conclusion of the initial hearing held on October 5, 1970, the claimant was led to believe by the attorney-referee that there would be further hearings with reference to this claim and did not receive any notice to the contrary. Then, on November 4, 1970, after a full month had passed from the date of the initial hearing, he filed his motion for the referee to "determine disability" or in the alternative "to schedule a hearing and hear the testimony of" the doctors. Coincidentally on the same date, November 4, 1970, the attorney-referee's order denying and dismissing the claim was also filed. This Court has held in a number of cases that the statutes presuppose generally a full hearing on the merits and that a claim should not be dismissed until all of the evidence pertinent to the issues has been heard. Scott Builders, Inc. v. Dependent of Layton, 244 Miss. 641, 145 So.2d 165 (1962). The testimony of the doctors was vital to the claimant's case and the commission should not have arbitrarily dismissed the claim without hearing this testimony. Informal proceedings are encouraged in workmen's compensation cases and are so designed that the commission can best ascertain the rights of the parties and prevent unnecessary delays, costly appeals, rehearings, etc.
We are of the opinion that the circuit court properly reversed the order of the Workmen's Compensation Commission and remanded the case to the commission for a full hearing on the merits.

*722 III.
The next question presented is whether the claimant-appellee was entitled to the benefit of a presumption that his attack was causally connected with his employment since the onset of the disabling attack occurred while he was performing his regular duties at his usual place of employment. The claimant-appellee argues that since there was no rebutting evidence put on by the employer-carrier, his claim is compensable because of the rule of substantive law which compels the conclusion of causal connection. The appellee is not correct in this regard and the lower court was in error in so holding.
This question was discussed in Kersh v. Greenville Sheet Metal Works, 192 So.2d 266 (Miss. 1966) in which this Court held that the evidence was insufficient to establish that the heart attack suffered by Kersh while driving an automobile after he had attempted to collect an account from his employer's customer arose out of and in the course of his employment. Justice Gillespie, speaking for the Court, said:

The cases in which this Court has applied the presumption have been death cases where it was shown that the employee was found dead at a place where his duties required him to be, and it was held that under such circumstances there is a rebuttable presumption that the death arose out of and in the course of his employment. (192 So.2d at 267.) (Emphasis added.)
......

It is doubtful that a presumption of causal connection arises at all unless the claimant dies, because, if he lives, it is within his power, and it is his duty, to meet the burden of showing that his injury arose out of and in the course of his employment. (192 So.2d at 268). (Emphasis added.)
In this case, Savell, the claimant-appellee, was treated by physicians for his disability and has related the facts and circumstances surrounding the onset of his alleged heart attack. We therefore hold that no presumption arose that claimant's disability was causally related to his employment.
It is claimant's duty, upon rehearing, to meet the burden of showing that his alleged injury was causally related to his employment; and, this brings us to the remaining question for decision of whether medical evidence is required to establish causal connection between the employment and the injury. In Kersh, supra, the Court quoted Dunn, Mississippi Workmen's Compensation section 52 (1957) with reference to the burden of proof in connection with causal relation in heart attack cases where it is said:
In heart cases, it is said that the burden, as usual, is upon the claimant and that the rule of liberality cannot dispense with the necessity of proof of facts prerequisite to recovery and that causal connection is one of such facts. The factual issue on this score is usually one for the medical experts and the Commission as triers of the facts, and the Commission may not award compensation in the absence of medical proof to show causal connection. The issue in heart cases is not such as may be resolved upon common or judicial knowledge and this is so although the medical testimony contains an admission of a possibility of causal connection. Also, if the medical proof of disability is undisputed and is not inherently improbable, incredible, unreasonable or untrustworthy, it may not be rejected and must be given effect. (192 So.2d at 268, 269). (Emphasis added.)
The Court went on to say:
Since the date of the original text of the cited authority, there has been a tendency on the part of the Court to view the testimony as a whole and to apply it liberally in favor of the claimant. A good statement of the prevailing rule is found *723 in Dunn, Mississippi Workmen's Compensation section 53 (Supp. 1965):
(W)hen, from the record as a whole, it is obvious to the court that the denial of an award is contrary to the weight of the evidence and that the denial is manifestly wrong, the decision will be reversed and an award will be entered on appeal.

However, where the medical evidence in a heart case is conflicting, the court will affirm the commission whether the award is for or against the claimant. See cases cited in Dunn, Mississippi Workmen's Compensation section 52 n. 14a (Supp. 1965). (192 So.2d at 269). (Emphasis added.)
The Court further observed that:
This Court has stated in scores of cases that the commission is the trier of facts, and that when its order is supported by substantial evidence, the order will be affirmed. This Court in Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 74 So.2d 863 (1954), a case involving a heart attack, quoted from 1 Larson, Workmen's Compensation Law section 38.83 (1965) as follows: "(T)he burden of keeping this class of cases within proper bounds falls squarely on the shoulders of the expert medical witness and the expert trier of fact." 221 Miss. at 831, 74 So.2d at 865. It is the function of the commission to weigh and sift the evidence pro and con on the question of causal connection. (192 So.2d at 270). (Emphasis added.)
We are therefore of the opinion and so hold that in heart attack cases, where the claimant lives, that no presumption of causal relation arises out of the fact that the employee was engaged in his usual duties at his place of employment at the time of the onset of the attack; and, that the claimant has the burden of proving that the heart attack was causally related to his employment; and, that the evidence with respect to causal relation must include medical testimony supportive thereof. We would again point out, however, that the ultimate question of causal relation is to be determined by the commission as the trier of facts.
The judgment of the circuit court remanding this cause to the commission for a full hearing on the merits is affirmed in accordance with this opinion.
Affirmed.
GILLESPIE, C.J., and SMITH, ROBERTSON and BROOM, JJ., concur.