419 So.2d 211 (1982)
DAY-BRITE LIGHTING DIVISION, EMERSON ELECTRIC COMPANY
v.
Earline CUMMINGS.
No. 53422.
Supreme Court of Mississippi.
September 8, 1982.
Mitchell, McNutt, Bush, Lagrone & Sams, John S. Hill, Tupelo, for appellant.
Mitchell, Eskridge, Voge, Clayton & Beasley, Claude F. Clayton, Jr., Tupelo, for appellee.
Before SUGG, P.J., and BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Jurisdiction of the Workmen's Compensation Commission to review an Order of the Administrative Judge (AJ herein) is the chief issue of this case appealed from the Circuit Court of Lee County, the Honorable Fred Wicker, Circuit Judge, presiding. Claimant Earline Cummings filed two claims against her self-insured employer, Day-Brite Lighting Division, Emerson Electric Company: the first for a back injury which occurred January 30, 1976, and the second for a subsequent back injury which occurred October 6, 1978. After the two causes were consolidated, the AJ conducted a hearing. By order dated August 29, 1980, he made findings of fact and law, and awarded certain temporary benefits to be paid until claimant Cummings' medical condition stabilized and a final determination could be made of the extent of her disability and any resulting loss of wage-earning capacity.
*212 Both parties petitioned for review by the full Workmen's Compensation Commission, pursuant to the terms of Mississippi Code Annotated § 71-3-47 (1972). Before the claim could be heard by the entire commission, both parties filed a joint motion to remand the case back to the administrative judge on the grounds that maximum medical recovery had been attained by claimant, and that such a remand would "promote judicial economy and efficiency and will avoid the necessity for two separate appeals in this case." (emphasis added). On October 14, 1980, the Workmen's Compensation Commission issued an order granting this motion and directing the administrative judge "to hold additional hearings and enter a final order resolving all disputed matters in this case."
After additional hearings, the administrative judge issued a second order on December 12, 1980. In this order the administrative judge indicated that only two issues required resolution: (1) whether the claimant had attained maximum medical recovery and (2) the degree of permanent disability and the amount of any subsequent loss of wage-earning capacity. As to these issues, the administrative judge found that maximum medical recovery had been attained on August 28, 1980, and that the claimant had suffered a 25% permanent partial disability. Neither party filed a petition with the commission for review of this order of the administrative judge by the full commission.
On March 26, 1981, by majority vote, the Workmen's Compensation Commission issued an order stating that the commission had no jurisdiction to review the orders of the administrative judge because neither party filed a timely petition for review pursuant to the requirements of § 71-3-47, supra, (1972).
The commission relied upon Day Detectives, Inc. v. Savell, 291 So.2d 716 (Miss. 1974), and Marlboro Shirt Company v. Whittington, 195 So.2d 920 (Miss. 1967) as authority for the proposition that the 20-day filing requirement is jurisdictional in nature. However, these cases do not reach the precise issue of the instant case. Further, the commission stated that its order remanding the cause to the administrative judge had divested the commission of jurisdiction and therefore the employer's failure to either reserve jurisdiction in the commission or to petition anew for review by the commission within the 20-day time period resulted in the order of the administrative judge becoming final. From this order, the employer appeals.
Commissioner Hill dissented, taking the position that the purpose of the remand was simply to avoid the necessity of multiple appeals. He stated that inasmuch as the second order did not supersede the first order but was merely in addition to the first order, the employer (appellant) should not be denied its properly perfected right of review of the issues decided in the August 29, 1980, order.
The central issue is whether a petition for review by the full Workmen's Compensation Commission from an award by an administrative judge will allow the commission to retain jurisdiction of the review after a subsequent remand to the administrative judge for additional hearings and findings, or whether a new petition for review must be filed subsequent to the issuance of the order based upon those additional hearings. A proper analysis of this issue revolves around the basic nature of the jurisdiction of the Workmen's Compensation Commission.
The statute setting forth the jurisdiction of the commission is Mississippi Code Annotated § 71-3-47 (1972), which also sets out the authority of the commission to appoint a representative, and provides for review of such a representative's findings upon receipt of a petition for review within twenty days of the filing of the representative's order. Mississippi Code Annotated § 71-3-53 (1972) vests by statute continuing jurisdiction in the commission.
We have previously set forth the role of the attorney-referee (now administrative judge) as a "facility of the Commission." Railway Express Agency v. Hollingsworth, 221 Miss. 688, 74 So.2d 754 (1954). This role *213 of "facility of the Commission" follows directly from the fact that the commission itself, and not the administrative judge, is the factfinder in all workmen's compensation cases. Dunn, Mississippi Workmen's Compensation, § 284 (1967).
As the factfinder in all workmen's compensation cases, the commission has the authority not to accept any or all fact findings of its "facility", the AJ. In United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 128 So.2d 579 (1961), we made it clear that as long as the commission's decisions were based upon substantial evidence, that decision would be upheld upon appeal in spite of the fact that the administrative judge's decision was also supported by substantial evidence. This role of the commission as the trier of fact was further emphasized in Moon v. Erwin Mills, Inc., 244 Miss. 573, 145 So.2d 465 (1962).
The respective roles of the commission and the AJ derive from the fact that jurisdiction in workmen's compensation cases is vested statutorily in the commission itself. Everitt v. Lovitt, 192 So.2d 422 (Miss. 1966). It is in light of this fundamental notion that the holdings of this Court in Marlboro Shirt Company v. Whittington, 195 So.2d 920 (Miss. 1967), and Day Detectives, Inc. v. Savell, 291 So.2d 716 (1974), must be viewed. We held in those cases that the requirement for a filing of a petition for review with the commission within 20 days of the issuance of the order by the attorney-referee was jurisdictional in nature.
In its order asserting its lack of jurisdiction to review the administrative judge's findings, the commission has clearly misconceived the nature of its own jurisdiction. Apparently the commission perceives jurisdiction as passing back and forth between itself and the administrative judge. Such is not the case. From the moment of the filing of a workmen's compensation claim, jurisdiction is vested totally, completely, and exclusively in the Workmen's Compensation Commission itself. As previously noted, the role of the administrative judge is merely a "facility" of the commission. As such, jurisdiction cannot "pass back and forth" within a single entity.
The commission's order indicates its opinion that the relationship between the administrative judge and the commission itself is analogous to the relationship between a trial court and an appellate level court. This analogy is clearly unfounded.
§ 284. Review by Commission.  The Commission on review is not technically a court of appeal, but is basically the original fact-finding agency and while its consideration is usually upon the record as made before the referee, it reviews the evidence as well as the law.
Dunn, Mississippi Workmen's Compensation, § 284, (1967).
See also 73 C.J.S. Public Administrative Bodies and Procedure, § 159 at 499-501.
Upon the record before us, we conclude that jurisdiction was vested in the Commission upon Mrs. Cummings' filing her original two motions to controvert. Jurisdiction remained vested in the commission throughout the hearings conducted by the AJ, and through the time when he issued his order. In filing its petition for review of the first order, the employer was diligently seeking to maintain and preserve its rights vis a vis the claimant. In joining with the claimant in the motion to remand for further hearing, the employer was adhering to the language this Court used in Day Detectives, Inc. v. Savell, supra:
Informal proceedings are encouraged in workmen's compensation cases and are so designed that the commission can best ascertain the rights of the parties and prevent unnecessary delays, costly appeals, rehearings, etc.
291 So.2d at 721.
The wording of the motion clearly contemplates that there will be at least one appeal in the case: "That a remand at this time will promote judicial economy and efficiency and will avoid the necessity of two separate appeals in this case." (Emphasis added). Unfortunately, but not controlling, the remand order failed to track precisely with the parties' joint motion for remand. Clearly the motion, by its language, contemplated *214 that the AJ would merely make additional findings, but did not purport to make final his prior findings and award. The language of the order read somewhat differently from the motion, to the effect that the AJ, on remand, would be "resolving all disputed matters... ." It would be grossly unfair to allow such an order to cut off the employer's already-vested right for review of the AJ's first order.
The issue focuses upon the function and purpose of the 20-day filing requirement set forth in Mississippi Code Annotated § 71-3-47 (1972). The purpose of the 20-day filing requirement is to provide a specific, reasonable timeframe after which decisions of an administrative judge become final. Filing a petition for review with the commission itself, serves to put the commission on notice that the findings of the referee are going to be contested. In the instant case, the employer's filing of its petition subsequent to the administrative judge's first order served to prevent that order from becoming final and precluded the commission's jurisdiction in the matter from divesting. The commission was clearly on notice that the issues which had been raised and the facts which had been decided as set forth in that first order were disputed by the employer. Nothing is contained in the second order which would in any way alter, change, or modify (1) the fact that Mrs. Cummings was injured, (2) the fact that this injury caused either temporary or permanent disability, (3) the existence of a pre-existing injury as a contributing factor, or (4) the employer's responsibility for the medical expenses accruing from Dr. Moore's treatment of Mrs. Cummings. The AJ's second order was specifically limited in its holding to only two issues: (1) whether Mrs. Cummings had attained maximum medical recovery, and (2) did the injury result in permanent disability and, if so, to what extent. Both of these issues merely concern the degree of injuries involved, and do not relate to the fundamental issues addressed by the first order. As stated in Commissioner Hill's dissent as to the commission's order, the purpose of the remand was simply to avoid the necessity of two reviews or appeals and the second order of the administrative judge did not supersede the first order, but was merely an addition to the first. In his dissent, Commissioner Hill also cogently noted that: "Neither party filed a Motion to Dismiss the Petitions for review previously filed, nor did the commission take action to divest itself of jurisdiction over the matters raised in the Petitions for review."
The timely filing of a petition for review subsequent to the August 29, 1980 order issued by the AJ was sufficient for the purposes of retaining jurisdiction in the commission. Following entry of the August 29, 1980 order, the employer did everything necessary to obtain review of the order pursuant to § 71-3-47, supra. We have examined both the joint motion to remand and the subsequent December 12, 1980 order of the AJ. The language in both these items reflect the clear intent of the litigants and the AJ that the December 12, 1980 order was intended to be a supplemental order and was not intended to supersede, nullify or vacate the August 29 order. The order of remand held in abeyance the petition for review of the AJ's first order, but did not render it as being less than viable. Accordingly, we must reverse and remand. The appellant, in its briefs and at oral argument, has steadfastly maintained that it does not contest any of the findings made by the AJ in his second order. In view of this concession, we direct that upon remand the commission will determine the issues raised by the employer's petition for review of the AJ's order dated August 29, 1980, wherein findings and an award were set forth.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.