585 So.2d 747 (1991)
William E. STAPLES
v.
BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI, INC., and Granite State Insurance Company.
No. 90-CC-0463.
Supreme Court of Mississippi.
August 28, 1991.
Dixon L. Pyles, Sr., Pyles & Tucker, Jackson, for appellant.
Kenneth G. Perry, Shell Buford Bufkin Callicutt & Perry, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and McRAE, JJ.
*748 McRAE, Justice, for the Court:
The claimant, William E. Staples, appeals, alleging that the Mississippi Workers' Compensation Commission and the Hinds County Circuit Court both erred by failing to grant a motion to reopen and modify a final award of compensation benefits. We reverse and render.
Staples worked as a computer consultant for Blue Cross/Blue Shield. He first injured his back while moving computer terminals at work in April 1985. He had no history of back problems. The doctor diagnosed the problem as a lumbo-sacral sprain. He instructed Staples to avoid lifting and stay home from work for approximately one week. Staples made several follow-up visits to the doctor and five weeks later, in early June of 1985, the doctor released him. At that time he had only slight, occasional pain.
In August of the same year Staples reinjured his back while moving a desk at work. Again the doctor diagnosed the condition as lumbo-sacral sprain. The back pain continued and a CT Scan confirmed that Staples actually had a herniated disc instead of the less serious sprain. His condition worsened and, in May of 1986, he had back surgery.
Staples filed a Petition to Controvert in which he reported the times of injury as the April 30 and August 19, 1985. After a full hearing, the ALJ entered an order, finding that the claimant sustained a compensable injury on April 30, 1985. At that time the weekly compensation rate was $126 per week. Had the ALJ determined the date of injury to be August of 1985, the second time Staples sought medical attention for his back, the compensation rate would have been $133 per week. The ALJ entered the order and it became final twenty days later.[1]
Staples did not appeal. Instead he waited some five months after the order became final before filing a motion with the full Board to correct the "mistake" in the compensation rate.[2] The motion relied on the fact that the employer had originally denied in its answer that claimant suffered a compensable injury in April, but admitted that he suffered one in August. Further, claimant argued that when Blue Cross filed its "Notice of First Payment," it showed the date of injury to be August 19, 1985, the later date, and the weekly compensation rate as $133.[3]
The Commission found that the motion "was not well taken" and denied it. They did not give a specific reason for the denial other than the ALJ had already set the date of injury at April 30. Later, the Hinds County Circuit Court found the Commission order "did not contain error and the same should be affirmed."

Analysis
It is well established that, if a petition for review of an ALJ's order is not filed within twenty days, further action is barred. Miss. Code Ann. § 71-3-47 (1972); Day Detectives, Inc., v. Savell, 291 So.2d 716 (Miss. 1974); Marlboro Shirt Co. v. Whittington, 195 So.2d 920 (Miss. 1967). Blue Cross seizes on this well-established rule and argues it is dispositive of this case.
It is equally well established, however, that on proper proof of a change in condition, or mistake in the determination of facts, the Worker's Compensation Commission can reopen and review a case *749 at any time prior to one year after the date of the last payment of compensation.[4] Miss. Code Ann. § 71-3-53 (1972); Bailey Lumber Co. v. Mason, 401 So.2d 696, 707 (Miss. 1981); North Mississippi Medical Center v. Henton, 317 So.2d 373, 375 (Miss. 1975); see also Delta Drilling Co. v. Cannette, 489 So.2d 1378 (Miss. 1986).
Staples attempts to fit within the second exception by characterizing the finding that the date of injury was April 30, 1985, as a mistake of fact. It is necessary then to determine what types of mistakes of fact justify reopening awards that are otherwise indisputably final. Larson cautions that the concept of mistake requires careful interpretation lest it become a back-door route to retrying a case. A. Larson, Workmen's Compensation Law, § 81.52(b). Staples, of course, argues for a broad interpretation of mistake of fact.
The U.S. Supreme Court adopted the broad approach in O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971). In that case, the Court rejected the argument that mistake be confined to clerical errors and matters concerning degree of disability, holding:
[t]he plain import of this amendment was to vest a deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted.
Id. at 256, 92 S.Ct. at 407.[5]
This broad interpretation seems to be in line with the interpretation in Mississippi. In Armstrong Tire & Rubber Co. v. Franks, 242 Miss. 792, 137 So.2d 141, 144 (1962), this Court held that if there is any reasonable basis upon which the Commission may have been justified in reopening, its decision will be affirmed. Id.; but see Davis v. Scotch Plywood Co., 505 So.2d 1192, 1197-98 (Miss. 1987) (In a "change of condition" case the Court noted the hearing should be reopened only when the claimant can establish by a preponderance of the evidence that his condition has changed, not merely when new evidence appears.) Id.
Davis, however, makes it clear that the decision to reopen a case is within the Commission's discretion. Id. at 1197. In this case, the Commission decided not to reopen, but by failing to even consider the applicability of Miss. Code Ann. § 71-3-53 (1972), the Commission abused its discretion. For that reason we reverse and render and find that the date of injury was clearly August 19, 1985, and the compensation rate was $133, the amount prevailing at that time. Id. at 1198.[6] Additionally, the award should include all interest and penalties accrued since last calculated by the Commission on July 27, 1989. See Delchamps, Inc. v. Baygents, 578 So.2d 620 (Miss. 1991).

Costs
Finally, Staples asks this Court to order the refund of $44.50 to him because the charge, denominated in the record as Regular Lower Court Costs, is without statutory basis. He notes that the Federal Rules of Appellate Procedure provide for review of administrative agency findings and that the local rules provide that cost of such review is $100. See FRAP 15. He argues, however, that no such state rule exists. Further he argues that the state rule which governs Circuit Court costs applies only to "original actions" and not appeals from administrative decisions.
The general statute authorizing fees provides that the clerk of the circuit court should charge for the following services:

*750 (a) Docketing, filing, marking and registering each complaint, petition, indictment and all answers, claims, orders, continuances and other papers filed therein, issuing each writ, summons, subpoena or other such instruments and swearing witnesses, taking and recording bonds and pleas, recording judgments, orders, fiats and certificates... .
Miss. Code Ann. § 25-7-13 (Supp. 1990).
We hold that this section does not authorize the circuit clerk to charge the customary filing fee in cases where, as here, the circuit court is acting as an appellate court. Accordingly, we order the clerk to refund the charge of $44.50.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN and PITTMAN, JJ., concur.
DAN M. LEE, P.J., and BANKS and ROBERTSON, JJ., concur in part and dissent in part.
BANKS, Justice, concurring in part, dissenting in part:
I concur with the majority's conclusion that this case should be reversed because the record is not clear that the Workers' Compensation Commission considered this matter pursuant to its authority under Miss. Code Ann., Section 71-3-53 (1972). In my view, however, the proper course is to remand this matter to the Commission for a hearing and determination whether reopening and changing its original judgment as to the date of the injury causing the loss is proper under the statute. I therefore dissent.
DAN M. LEE, P.J., and ROBERTSON, J., join this opinion.
NOTES
[1] Miss. Code Ann. § 71-3-47 (1972) provides in part that:

Upon the conclusion of any such hearing, the commissioner's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be final unless within twenty (20) days a request or petition for review by the full commission has been filed.
[2] The motion also asked the Commission to order Blue Cross to commute part of the award to a lump sum payment and to pay all interest and penalties immediately. The Commission sustained these parts of the motion.
[3] Staples argues that this is an admission against interest. Larson notes that while this is true, such admissions are not conclusive. A. Larson, Workmen's Compensation Law, § 79.41 to.42 (1989).
[4] Many states allow reopening only for changes in condition. Mississippi, however is among the states that has a broad reopening statute in that it allows reopening for mistakes of fact. See Larson, § 81.51(a) (1989).
[5] The statute that the Court was interpreting in O'Keeffe, the Longshoremen's Act, was almost identical to Mississippi's reopening statute. 33 U.S.C.S. § 922 (1980).
[6] This is not to say that a compensable injury did not occur on April 30, 1985. In fact one did, and it is clear from the record that they are two separate injuries.