IN THE COURT OF APPEALS

9/9/97

OF THE

STATE OF MISSISSIPPI

NO. 96-CC-00645 COA

GEORGE COOK APPELLANT

v.

H & H CHIEF SALES AND UNITED STATES

FIDELITY AND GUARANTY COMPANY APPELLEES

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. MARCUS D. GORDON

COURT FROM WHICH APPEALED: LEAKE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: MORRIS C. PHILLIPS, JR.

ATTORNEYS FOR APPELLEES: ROBERT J. ARNOLD, III

NATURE OF THE CASE: WORKERS' COMPENSATION

TRIAL COURT DISPOSITION: AFFIRMED COMM. DENIAL OF BENEFITS

MOTION FOR REHEARING FILED: 9/19/97

CERTIORARI FILED: 12/1/97

MANDATE ISSUED: 3/18/98

BEFORE McMILLIN, P.J., COLEMAN, AND PAYNE, JJ.

McMILLIN, P.J., FOR THE COURT:

This is a workers' compensation case. George Cook, the claimant, suffered a heart attack which he claimed was triggered by work-related stress, and, thus, a compensable injury. The Workers' Compensation Commission found that Cook had failed to establish a causal connection between his heart attack and an occurrence at work and denied benefits. The Circuit Court of Leake County affirmed the Commission's ruling, and Cook appealed to this Court. We affirm.

Cook attempts to claim the benefit of a presumption that, if the symptoms of a heart attack first manifest themselves while the employee is on the job, the attack is work-related. This presumption does not arise except in cases where the claimant dies as a result of the attack.

We are therefore of the opinion and so hold that in heart attack cases, where the claimant lives, that no presumption of causal relation arises out of the fact that the employee was engaged in his usual duties at his place of employment at the time of the onset of the attack; and, that the claimant has the burden of proving that the heart attack was causally related to his employment . . . .

*Day Detectives, Inc. v. Savell*, 291 So. 2d 716, 723 (Miss. 1974).

In this case, Cook testified to excessive strain at work brought on by the fact that he was substantially behind in his job of painting truck bodies. He claimed that the pressure of attempting to keep up the pace, including the necessity of overtime work, triggered his heart attack. He said that, in the days before he was hospitalized, he had been forced to leave work early on two occasions because of chest pains he attributed to his stress-induced heart problem.

His testimony was not corroborated by any other evidence. Payroll records showed neither substantial amounts of overtime work in the period leading up to Cook's attack nor any indication that Cook had left early on the days he claimed. There was testimony that Cook was not substantially behind in his job assignment, and, in fact, the proof showed that the period in question was a time of relatively low production demand compared to other times during the year.

Two treating physicians testified by deposition, neither of whom were prepared to offer an opinion that Cook's heart attack was caused by an unduly stressful work environment. One of the physicians testified that Cook's heart attack was attributable to "arteriosclerotic coronary artery disease," and that "his heart disease was not related to his occupation." Both doctors speculated generally that an unusually stressful event could possibly be the triggering factor in a heart attack, but Dr. Crosthwait said that he did not believe that an active occupation such as painting would cause heart trouble.

On judicial review of a decision by the Workers' Compensation Commission, this Court is limited to a determination of whether there is substantial evidence in the record to support the finding of the Commission. *Hale v. Ruleville Health Care Ctr.,* 687 So. 2d 1221, 1224-25 (Miss. 1997); *Ray v. Mississippi State Bd. of Health,* 598 So. 2d 760, 764 (Miss. 1992). We are not permitted to re-weigh the evidence, nor to substitute our opinion for that of the Commission as to where the preponderance of the evidence might lie. In the absence of a presumption of compensability operating in Cook's favor, we cannot say that the Commission was manifestly in error when it concluded that Cook had failed to establish a causal connection between his job and his heart attack.

**THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT, GEORGE COOK.**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**