# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-WC-01199-COA

CRAIG BRIDGEMAN                                                APPELLANT

v.

SBC INTERNET SERVICES INC. AND OLD                            APPELLEES
REPUBLIC INSURANCE COMPANY

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/2024 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | CRAIG BRIDGEMAN (PRO SE) |
| ATTORNEY FOR APPELLEES: | JENNY TYLER BAKER |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 03/10/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WEDDLE AND LASSITTER ST. PÉ, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Craig Bridgeman filed a motion with the Mississippi Workers' Compensation Commission (MWCC) on March 30, 2020, alleging that he had not been paid the entire award of permanent partial disability benefits due pursuant to a previous 2015 order by the MWCC.   The administrative judge (AJ) denied Bridgeman's motion, and the full Commission denied his subsequent motions to reconsider, finding his claims without merit.

¶2.     Bridgeman now appeals from the orders by the full Commission.  We find no error in the Commission's rulings and affirm.

## Facts and Procedural History

¶3.     Bridgeman suffered injury to his right upper extremity during a work-related accident

on March 27, 2013. His employer, SBC Internet Services Inc. (Employer), and its insurance carrier, Old Republic Insurance Company (Carrier), admitted the injury but denied that Bridgeman had sustained a permanent disability as a result.

¶4. On September 17, 2015, an AJ determined that Bridgeman had suffered a 50% loss of industrial use of his right upper extremity because of the work-related injury, resulting in an award of one hundred weeks of permanent partial disability (PPD) benefits beginning on January 26, 2015, the date of maximum medical improvement (MMI). The Commission affirmed the AJ's ruling on Bridgeman's petition for review.

¶5. Since that time, there has been ongoing litigation and proceedings related to Bridgeman's workers' compensation claim, which resulted in two previous appeals before this Court. In *Bridgeman v. SBC Internet Servs. Inc.*, 270 So. 3d 112, 113-14 (¶1) (Miss. Ct. App. 2018), we affirmed the Commission's finding that Bridgeman "was entitled to [PPD] benefits for a 50% industrial loss of use of his right upper extremity." In 2020, our Court affirmed the Commission's authority to amend its order allowing Bridgeman's attorney and law firm to withdraw from representation and to attach a lien for attorney's fees owed.[1] *Bridgeman v. SBC Internet Servs. Inc.*, 307 So. 3d 481, 482 (¶¶1-3) (Miss. Ct. App. 2020).

¶6. The current appeal originates from Bridgeman's filing a pro se "Claimant's Motion to Declare Entire Award Due" on March 30, 2020, in which he alleged that the Employer/Carrier "ha[s] refused to pay [the PPD] benefits due." The Employer/Carrier

---

[1] Pursuant to the contract between the attorney and Bridgeman, counsel was "entitled to 25% of the [PPD] benefits awarded." Counsel alleged that Bridgeman had refused to endorse the benefit checks, "making it impossible for counsel to receive its contractual fee."

2

argued that the motion should be denied, noting that the "Notice of Final Payment Form B-31 reflecting payment of [PPD] benefits to Bridgeman for 101 weeks, 2 days" was filed on August 24, 2018.[2] Bridgeman responded that the forms that the Employer/Carrier filed were "a sham."

¶7. After a telephonic hearing, the AJ entered an "Order on Motion" on December 30, 2020, denying Bridgeman's March 2020 motion and the supplemental filings. The AJ found: (1) the "Employer/Carrier long ago paid Claimant all [PPD] benefits awarded in this claim"; and (2) the "Employer/Carrier did not waive its right to credit for payments made to Claimant between January 26, 2015, the date of [MMI], and the September 17, 2015 order." The AJ reasoned that "[a]llowing Employer/Carrier credit for payment of temporary total disability benefits between January 26, 2015 and September 17, 2015 against its liability for [PPD] benefits is consistent with the law and with public policy which favors continued payment of benefits when liability for payment of benefits will likely continue."

¶8. On January 19, 2021, Bridgeman filed a motion for clarification and reconsideration with the MWCC. In the motion, he questioned whether the Employer/Carrier was entitled to credit for those advance payments because (1) the payments were not paid voluntarily, and (2) the Employer/Carrier "never reserved a right to a credit or offset [of] the award by a credit for an amount already paid." The Employer/Carrier argued in response that "[t]here is no provision by statute for either a motion for reconsideration or clarification from" an opinion by an AJ and that Bridgeman may only seek a motion for review of the AJ's decision

---

[2] The form was attached to the response, reflecting total payments of $101,699.26.

3

under Mississippi Code Annotated section 71-3-47 (Rev. 2021).[3]

¶9. Three years later,[4] after Bridgeman filed a status inquiry with the full Commission, the Commission informed Bridgeman that it would treat his January 2021 motion as a petition for review and issued a briefing schedule. On April 1, 2024, Bridgeman filed a motion for clarification and a motion to remand. In that motion, Bridgeman refuted that his prior January 2021 motion was a petition for review to the full Commission and requested the Commission remand his motion to the AJ for a decision. The Employer/Carrier responded that Bridgeman's current motion was not permitted by law.

¶10. On May 1, 2024, the Commission entered a "Full Commission Order," denying Bridgeman's April 1, 2024 motion. In its order, the Commission noted that "there is no provision in statu[t]e or in the *Mississippi Workers' Compensation General and Procedural Rules*" for Bridgeman's January 2021 motion. The Commission further emphasized that "parties who disagree with an [AJ]'s order may, within twenty days of the date of the [AJ]'s decision, file a petition for review pursuant to *Rule 2.10*." Addressing Bridgeman's argument in his motion to remand, the Commission reasoned:

> Fortunately for Claimant, "The commission shall have full power and authority to determine all questions relating to the payment of claims for compensation." Miss. Code Ann. § 71-3-47. . . . The [AJ's] role as a facility of the Commission "follows directly from the fact that the commission itself, and not the administrative judge, is the fact finder in all workers' compensation cases."

---

[3] Section 71-3-47 provides that a decision from an AJ "shall be final unless within twenty (20) days a request or petition for review by the full commission is filed." Miss. Code Ann. § 71-3-47.

[4] The record contains copies of emails from 2021 to 2024 between Bridgeman and MWCC staff attorney Jeff Skelton regarding obtaining a ruling by the AJ on his motion.

4

Dunn, *Mississippi Workmen's Compensation*, § 284 (1967). . . . "The respective roles of the [C]ommission and the [AJ] derive from the fact that jurisdiction in workmen's compensation cases is vested statutorily in the [C]ommission itself." [*Day-Brite Lighting Div. v. Cummings*, 419 So. 2d 211, 213 (Miss. 1982)].

The Commission concluded that since "[n]o new facts or evidence arose after the [AJ's] *Order*, . . . the better course of action is to move to the next step in the process – review by the Full Commission."[5]

¶11.    Subsequently, on July 22, 2024, the Commission affirmed the AJ's December 30, 2020 order, finding that it was evident, "based on several orders and filings," the advance payments made by the Employer/Carrier between the date of MMI and the September 2015 order "were PPD" and that the Employer/Carrier was entitled to credit for those advance payments. *See* Miss. Code Ann. § 71-3-37(11) (Rev. 2021) (providing that "[i]f the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due"). The Commission also denied another motion filed by Bridgeman to disqualify MWCC staff attorney Jeff Skelton from participating in the matter.

¶12.    On August 21, 2024, Bridgeman filed a motion to reconsider the Commission's July 22, 2024 order with the MWCC, reiterating the argument that payments made between the date of MMI and the 2015 order were not "advance payments of compensation" offsetting the subsequent PPD benefits. Finding Bridgeman was asserting "the same arguments he has already made several times," the Commission denied his motion to reconsider on September

---

[5] Although the Commission requested that the parties brief the issues, Bridgeman did not file a brief, apparently relying on the arguments stated in his motion for clarification.

25, 2024.

¶13. On October 23, 2024, Bridgeman filed a "Notice of Appeal of the Full Commission order[s], entered herein on September 25, 2024, July 22, 2024, and May 01, 2024." In his appellant's brief, he argues: (1) the Commission had no authority to review the AJ's decision since it was not a final order disposing of all the claims; (2) the Commission erred in denying his motion to disqualify the staff attorney from participating in the case; and (3) the Commission's findings "were not supported by the evidence and were contrary to the law."

**Discussion**

**I.     Whether appellate jurisdiction exists to review the Commission's three orders.**

¶14. Mississippi Code Annotated section 71-3-51 (Rev. 2021) provides, "The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the Supreme Court." Because Bridgeman filed his notice of appeal within thirty days of the Commission's latest September 25, 2024 order, we must address whether this Court has appellate jurisdiction over the Commission's prior May 2024 and July 2024 orders.[6] *See Putney v. Sanford*, 282 So. 3d 627, 630 (¶10) (Miss. Ct. App. 2019) (holding that our Court "must address the issue of whether this Court has jurisdiction to consider the [appellants'] appeal" even when "not raised by either party").

        *A.     May 1, 2024 Order*

¶15. In the May 1, 2024 order, the Commission denied Bridgeman's motion for

---

[6] Neither party has challenged this Court's jurisdiction over the relevant orders.

clarification and motion to remand to the AJ, noting its "full power and authority to determine all questions relating to the payment of claims for compensation." Because the Commission's May 2024 order did *not* address the merits of the underlying AJ's December 2020 order nor Bridgeman's claims from his January 2021 motion, the May 2024 order, on its own, was interlocutory and not a final, appealable judgment. *See Tex. Mutual Ins. Co. v. Vaughters*, 336 So. 3d 160, 163 (¶14) (Miss. Ct. App. 2022) ("A final, appealable judgment is one that adjudicates the merits of the controversy and settles all the issues as to all the parties and requires no further action by the lower court."); *accord Cunningham Enters. Inc. v. Vowell*, 937 So. 2d 32, 34 (¶3) (Miss. Ct. App. 2006) ("Interlocutory orders by the Workers' Compensation Commission are not appealable."). Yet once the Commission entered its final judgment disposing of all the claims contained in Bridgeman's January 2021 motion, this order became final and ripe for appellate review. Therefore, we may address the merits of Bridgeman's argument related to this order on appeal—that the Commission lacked authority to rule on his January 2021 motion.

### B.  July 22, 2024 Order

¶16.    Instead of filing an appeal after the Commission's July 22, 2024 order in accordance with section 71-3-51, Bridgeman filed another motion to reconsider with the MWCC (albeit within the thirty-day window). Therefore, we must determine whether the filing of the motion to reconsider tolled the thirty-day statutory time for filing an appeal.

¶17.    We find no applicable statutory authority or procedural rule allowing a claimant to file a motion for reconsideration or rehearing of a Commission's ruling. As summarized in the

7

well-known treatise on Mississippi workers' compensation law:

> Neither the statute nor the rules of the Commission provide for a petition/motion for rehearing or reconsideration at either the administrative judge or Commission stage of proceedings. Sometimes a party will file a pleading on the order of a petition for reconsideration, but the administrative judges and Commission are not likely to grant such a petition when it appears to be simply a request for general review or appeal. . . . *An important consideration about such a petition for reconsideration is whether it tolls the statutory period for review or appeal.* The cautious lawyer will file, in the alternative, a petition for review by the Commission (of an administrative judge's order) *or a notice of appeal to the Mississippi Supreme Court (of an order of the Commission).*

John R. Bradley & Linda A. Thompson, Mississippi Workers' Compensation Law § 6:39 (updated Sept. 2025) (emphasis added).

¶18.    While there is no procedural rule or statutory authority for the filing of Bridgeman's motion to reconsider the Commission's July 2024 order, there is precedent allowing for the tolling of the thirty-day period by the filing of a motion for review or reconsideration. In *Johnston v. Hattiesburg Clinic P.A.*, 423 So. 2d 114, 115 (Miss. 1982), the Mississippi Supreme Court found that a claimant's filing of a motion to review the evidence after the Commission had denied his claim tolled the thirty-day appeal requirement until the Commission's order disposing of the motion was entered. The supreme court equated the claimant's filing "to the filing of a motion for a new trial in a court of record." *Id*. In *Minor v. RGT Management Inc.*, 271 So. 3d 644, 650 n.6 (Miss. Ct. App. 2018), our Court noted that the filing of a claimant's "motion to reconsider or, alternatively, to sever the sanctions issue" after the Commission ruled to impose sanctions "tolled the thirty-day time period." (Citing *Day Detectives Inc. v. Savell*, 291 So. 2d 716, 720 (Miss. 1974)).

8

¶19. The cases cited by the supreme court in *Johnston* and by this Court in *Minor* (i.e., *Savell*) were decided prior to the enactment of the Mississippi Rules of Civil Procedure, which specify the requirements for a post-trial motion to toll the time for filing a notice of appeal. *See* M.R.C.P. 59. Prior to the enactment of the Mississippi Rules of Civil Procedure, the supreme court read certain circuit court statutes together and held that "a motion for new trial in circuit court" (as authorized by statutes) suspends the time limit for filing a notice of appeal "until the motion is overruled." *See Edwards v. Peresich*, 221 Miss. 788, 798, 74 So. 2d 844, 848 (1954). The supreme court then determined that same rule "in reason and justice" should be "applicable to petitions for rehearing in chancery courts." *Id*. Now that the courts are regulated by rules, it is questionable whether this Court should apply the same analysis here, as there is no statute or rule authorizing either a petition for rehearing or the tolling from an order of the MWCC.

¶20. Nevertheless, this older caselaw supports a finding that the filing of a motion for reconsideration is sufficient to toll the running of the statutory time period for filing an appeal, and these cases have not been overruled. Therefore, we will address the merits of the issues that Bridgeman raises on appeal.

## II. Whether the Commission had authority to review Bridgeman's January 2021 motion for clarification and reconsideration.

¶21. Bridgeman contends that his January 2021 motion tolled the twenty-day deadline for filing a petition for review and that the Commission did not have authority to review the motion until the AJ issued a final ruling. We find no merit in Bridgeman's claim.

¶22. First, despite Bridgeman's argument to the contrary, the AJ's December 2020 order

disposed of the issues raised in his March 2020 motion. Second, in *Hamilton v. Southwire*, 191 So. 3d 1275 (Miss. Ct. App. 2016), this Court recognized that "the Commission retains full jurisdiction throughout the case . . . [and] may review decisions that are non-final or interlocutory in nature." *Id.* at 1281 (¶21).

¶23. To support his argument, Bridgeman cites *Savell*, 291 So. 2d at 720, a case in which the Mississippi Supreme Court considered whether a claimant's petition for review was barred under Mississippi Code Annotated section 71-3-47, which provides that an AJ's decision "shall be final unless within twenty (20) days a request or petition for review by the full [C]ommission is filed." Miss. Code Ann. § 71-3-47. In *Savell*, the claimant filed a motion to withdraw the attorney-referee's order dismissing his claim two days after the order was entered. *Savell*, 291 So. 2d at 719. The supreme court held that the filing of that motion "tolled the running of the twenty-day time within which a petition for review by the full [C]ommission should be filed" and that "[t]here was no final order of the [AJ] from which to appeal until [the claimant's] motion [to withdraw] was overruled." *Id.* at 720-21. Bridgeman asserts:

> Since the Mississippi Supreme Court has already held that the filing of a motion for reconsideration tolls the appeal deadline for requesting review by the Full Commission, this Court should be consistent in finding that the filing of this motion to reconsider operates like interlocutory orders in a court under the Mississippi Rules of Civil Procedure. Since the AJ order in this case was not final with the motion for reconsideration pending before the AJ, it did not dispose of all claims and should not be appealable for review[] by the Full Commission.

However, our Court has since *clarified* in *Hamilton*, "Although *Savell* establishes that the filing of a motion to reconsider tolls the twenty-day period for appealing an AJ's decision,

the [S]upreme [C]ourt did *not* hold or suggest that the pendency of such a motion deprives the full Commission of jurisdiction." *Hamilton*, 191 So. 3d at 1281 (¶21) (emphasis added). Accordingly, we find that "the Commission possessed total and complete jurisdiction" over Bridgeman's claim from the moment it was filed, "regardless of whether the [AJ] had ruled on [the claimant's] motion to reconsider." *See id*. at 1280 (¶18).

### III. Whether the Commission erred in denying Bridgeman's motion to disqualify the MWCC staff attorney.

¶24. On June 17, 2024, Bridgeman filed a motion seeking to disqualify MWCC staff attorney Jeff Skelton from participating in his case. In the July 22, 2024 order, the Commission denied the motion, stating "Bridgeman cited no authority for his position, and we are aware of none." The Commission further noted that Skelton "has no authority to, and did not[,] decide the outcome[] of Bridgeman's appeal" and that an MWCC employee's conduct would be an issue for the Commission to "handle internally."

¶25. Bridgeman argues on appeal that the Commission should have granted his motion to disqualify Skelton. Citing e-mail and telephonic communications between Bridgeman and Skelton between 2021 and 2024, Bridgeman contends that "Skelton repeatedly engaged in conduct that was deceitful, dishonest[,] and prejudicial to the administration of justice."[7] As in his motion, Bridgeman cites no legal authority to support his argument. The Mississippi Supreme Court has held that "it is the duty of an appellant to provide authority in support of an assignment of error" and "that an argument unsupported by cited authority need not be

---

[7] Because this motion was not directed toward the Employer/Carrier, it has taken no position on this issue, except to deny that Bridgeman "is entitled to any relief pursuant to his Motion to Disqualify Staff Attorney."

11

considered by the Court." *Newsome v. Peoples Bancshares*, 269 So. 3d 19, 35 (¶57) (Miss. 2018) (quoting *Alexander v. Womack*, 857 So. 2d 59, 62 (¶12) (Miss. 2003)).

¶26. Moreover, Bridgeman has not demonstrated that Skelton acted in a "deceitful, dishonest" manner—either in his motion to disqualify or in his appellant's brief. Rather, the record indicates that Skelton responded in a professional manner to Bridgeman's numerous requests for an update, informing him of the status of his motion and its review by the Commission. While we understand how a three-year delay in the Commission's ruling on the January 21, 2021 motion would be frustrating for Bridgeman, he nevertheless has not shown how his case was prejudiced by this delay or Skelton's conduct. We therefore affirm the Commission's decision to deny Bridgeman's motion to disqualify.

**IV.    Whether the Commission's decision to affirm the AJ's order was supported by substantial evidence.**

¶27. The Commission affirmed the AJ's order, finding that advance payments made by the Employer/Carrier were PPD benefits and that the Employer/Carrier was entitled to credit for those benefits paid between the date of MMI and the September 2015 order. Bridgeman asserts: (1) the temporary total disability payments made between January 26, 2015, and September 17, 2015, did not count as a credit towards his PPD award; and (2) those payments cannot count as credits because the Employer/Carrier was not certain that PPD would be awarded.

¶28. We have a limited standard of review in workers' compensation cases. *Thomas v. Int'l Paper Co.*, 420 So. 3d 334, 337 (¶11) (Miss. Ct. App. 2025) (citing *Weatherspoon v. Croft Metals Inc.*, 853 So. 2d 776, 778 (¶6) (Miss. 2003)). "Reversal is proper only when

12

a Commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Id*. (quoting *Weatherspoon*, 853 So. 2d at 778 (¶6)).

¶29. Bridgeman contends that section 71-3-37(11) "foreclose[s] reimbursement" because the payments made during the months from January 2015 to September 2015 "were made in satisfaction of [a prior] compensation order issued by the AJ on March 11, 2014, thereby not in 'advance' of the September 2015 order." The Commission considered this argument and found it to be "without merit," noting that "the statute does not distinguish between voluntary or involuntary payments." Indeed, section 71-3-37(11) provides that "[i]f the employer has made advance payments of compensation, he *shall* be entitled to be reimbursed . . . ." We therefore find no error in the Commission's reasoning.

¶30. The Commission also addressed Bridgeman's claim that the Employer/Carrier "never reserved a right to a credit or offset." The Commission determined that there is no statutory requirement "that an employer or carrier 'reserve a right to a credit or offset' and we are not aware of any such requirement elsewhere in the Mississippi Workers' Compensation Act or in case law." It is frankly unclear if Bridgeman has renewed this claim on appeal; he merely asserts that the Employer/Carrier initially denied that PPD benefits were owed to support his contention that it did not intend that those benefits were advance payments. To the extent he is appealing the Commission's ruling as to his claim of waiver, we find that Bridgeman has not provided any statutory authority or procedural rule to support this argument.

¶31. Finding substantial evidence supports the Commission's determination, we conclude

that the Commission did not err in affirming the AJ's December 30, 2020 order (and, as discussed, denying Bridgeman's motion to disqualify the staff attorney).

¶32.    Regarding the Commission's September 25, 2024 order, Bridgeman's sole argument in his motion to reconsider was (again) to assert that the Employer/Carrier was not entitled to credit for the payments made prior to the 2015 order because they were not an "advance payment of compensation" under section 71-3-37(11).  As the Commission correctly noted in its order: "Bridgeman is making the same arguments he has already made several times to the Administrative Judge and to the Full Commission.  Motions to reconsider are not intended to afford a party the opportunity for a mere repetition of an argument already considered by the Commission."  We find no error in the Commission's denial of the motion to reconsider on this basis.

**Conclusion**

¶33.    Accordingly, we affirm the Commission's July 22, 2024 and September 25, 2024 orders.

¶34.    **AFFIRMED.**

**CARLTON AND WILSON P.JJ., LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.  McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**