BARNES, J.,
for the Court.
¶ 1. Vicky L. Kirk applied for unemployment compensation and was denied bene *1137 fits based on a finding that she voluntarily-left her employment. She appealed, and the Circuit Court of Forrest County reversed the Mississippi Employment Security Commission, finding that the employee had not engaged in misconduct. On appeal to this Court, the following issues are raised:
A. Did substantial evidence support the Mississippi Employment Security Commission’s (“MESC”) finding that Kirk left her employment at Bedford Care voluntarily without good cause? Miss.Code Ann. § 71-5-513(A)(l)(a) (1972).
B. Did the Circuit Court commit reversible error in considering this case as a “misconduct” case instead of voluntary separation, which are statutorily independent grounds for denial?
C. Did the Circuit Court err in considering matters outside the record?
D. Did the Circuit Court err in applying its own judgment reweighing the facts, rather than making a legal determination considering substantial evidence?
¶ 2. This Court finds that the circuit court did err and reverses and renders, reinstating the decision of the Commission denying unemployment benefits.
FACTS
¶ 3. Vicky L. Kirk was a nurse working at Bedford Care Center of Petal, a twenty-four-hour elderly care center. Kirk and another nurse were asked to work on the day shift temporarily while another employee was off work with a heart attack. Kirk refused to work the day shift, even though company policy requires any employee to work any shift assigned. She had her doctor fax an excuse for modified duty, which restricted Kirk’s work activities due to a back problem.
¶ 4. When informed by her supervisor that modified job duties were not available, Kirk stated that she would return with a doctor’s full release. Although she was given an excused absence to go to her doctor, Kirk never returned with a medical release as she stated she would. Kirk never requested medical leave, which would have been available to her under the federal Family and Medical Leave Act.
¶ 5. After leaving on November 21, 2003, Kirk never spoke to her supervisors at Bedford, even though numerous calls were made to her to determine her status and asking her to return. Her one call to Bedford was made after-hours to an answer machine when none of the supervisors would be present. Kirk contends that “they could have written a short note or letter.” She never explains why a telephone call was not appropriate. A telephone call was even made to Kirk’s mother in December in an attempt to contact Kirk and determine when she would return to work. Her mother was the one who went to pick up Kirk’s check at Bedford and to pick up a fruit basket given to employees at Christmas.
¶ 6. Kirk filed for unemployment benefits on December 2, 2003. On the claim form, there are two marks under “Reason for Separation”: “Voluntary Quit” and “Other.” Kirk contends that she did not mark “Voluntary Quit.” At the hearing and in her brief to the Court, Kirk has been consistent in her statements that she was not terminated or fired. In her brief she states:
Of course I said that I was not terminated. That has never been an issue. I simply contend that Bedford Care wrongly claimed that I voluntarily quit when I had every intention of returning to work in January, 2004.
¶ 7. The appeals referee disqualified Kirk from receiving unemployment bene *1138 fits pursuant to Mississippi Code Annotated § 71-5-513(A)(l)(a) (Supp.2005), which states that a person may be disqualified from receiving benefits for the time the person “left work voluntarily without good cause, if so found by the department....” Based on the facts presented, the referee found that “[t]he claimant constructively quit her job when she did not return to work. The claimant has not shown good cause within the meaning of the law for leaving her employment.” The Board of Review adopted the findings of fact of the appeals referee.
¶ 8. On appeal to the Forrest County Circuit Court, the circuit court reversed the factual determination of MESC. The circuit court stated the issue as:
The question before [the] Court is not whether there was substantial evidence for Bedford to discharge Kirk, but whether or not there was substantial, clear and convincing evidence for Bed-ford to disqualify Kirk for unemployment benefits due to insubordination which rises to the level of misconduct.
STANDARD OF REVIEW
¶ 9. In regard to appellate review, Mississippi Code Annotated § 71-5-531(A) states that “the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” Similarly, the Mississippi Supreme Court has stated:
The denial of unemployment benefits will be disturbed on appeal only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) in violation of the employee’s rights.
Johnson v. Miss. Emp. Sec. Comm’n, 761 So.2d 861, 863(¶ 6) (Miss.2000).
¶ 10. Substantial evidence is that which is relevant and capable of supporting a reasonable conclusion, or is “more than an scintilla of evidence.” Gilbreath v. Miss. Emp. Sec. Comm’n, 910 So.2d 682, 686(¶ 13) (Miss.Ct.App.2005) (quoting Hooks v. George County, Mississippi, 748 So.2d 678, 680(¶10) (Miss.1999)). Substantial evidence has been further defined to be “such relevant evidence as reasonable minds might accept as adequate to support a conclusion.” Hooks, 748 So.2d at 680(¶ 10) (citing Pub. Employees’ Ret. Sys. v. Marquez, 774 So.2d 421, 425(¶ 13) (Miss.2000)).
¶ 11. The reviewing court may not reweigh the facts of the case, and is prohibited from substituting its judgment for that of the agency. Allen v. Miss. Emp. Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994). The employee bears the burden of proof of good cause for leaving work. Miss.Code Ann.. § 71-5-513(A)(1)(c).
DISCUSSION

A. Whether the evidence supported the commission’s decision.

¶ 12. Based on the testimony, record, and documents submitted at the hearing, the appeals referee found:
The claimant was employed for approximately four years as licensed practical nurse for Bedford Care Center, Petal, Mississippi, ending November 21, 2003. The claimant was hired to work the nightshift. Because another employee was on leave of absence, the claimant was asked to help out on the dayshift. The claimant refused because she was .scheduled for an MRI due to back pain. When she informed the employer of this, the employer requested a doctor’s statement. The claimant submitted a doc *1139 tor’s statement for modified duty. The employer does not have modified duty unless an employee has sustained a work related injury. The claimant indicated that she would get a full release for work. The claimant did not submit a full release and did not contact the employer regarding her status, even after the employer made several attempts to contact the claimant. Continuing work was available for the claimant....
The facts in this case show the claimant did not attempt to return to work after she was informed a full release was needed from her doctor after the doctor placed the claimant on modified duty. The claimant constructively quit her job when she did not return to work. The claimant has not shown good cause within the meaning of the law for leaving her employment....
¶ 13. The record and the testimony fully supports the factual determination of the Commission. Even the testimony of Kirk supports the conclusion that she did not return to work after November 21, 2003, and did not provide her employer with the doctor’s excuse that she promised.
¶ 14. The factual findings of the Board of Review are conclusive if supported by evidence and without fraud. Hoerner Boxes v. Miss. Emp. Sec. Comm’n, 693 So.2d 1343, 1347 (Miss.1997); Richardson v. Miss. Emp. Sec. Comm’n, 593 So.2d 31, 34 (Miss.1992). We conclude that the factual determination of the Board and Commission should not be disturbed on appellate review.

B. Whether the circuit court erred in considering this a “misconduct” case.

¶ 15. In all the testimony and evidence before the Commission, there was never any discussion about this being a case of discharge, misconduct or insubordination. There is, in short, no factual basis for the decision of the circuit court. Kirk is clear in stating, “I have never asserted that I was fired.” She also stated, “Of course I said that I was not terminated. That has never been an issue.” Even after Kirk left Bedford and did not respond to telephone calls, a call was made to Kirk’s mother in attempt to get Kirk to come back to work or give some indication when she would return. Kirk, through her mother, was given the traditional Christmas fruit basket a month after she left without clear explanation. There is no indication that Kirk was asked to leave or that she would not have been welcomed back if she chose to come back.
¶ 16. The circuit court’s review should have been limited to questions of law. Miss.Code Ann. § 71-5-531; Hoerner, 693 So.2d at 1347; Barnett v. Miss. Emp. Sec. Comm’n, 583 So.2d 193, 195 (Miss.1991). The Mississippi Supreme Court “has held on numerous occasions that the question of whether an employee voluntarily quits or was discharged is a question of fact for the MESC to decide.” Huckabee v. Miss. Emp. Sec. Comm’n, 735 So.2d 390, 394(¶ 14) (Miss.1998) (citations omitted). This Court is bound by the Board’s finding of fact supported by substantial evidence that Kirk voluntarily quit her employment without good cause. Id.

C. Whether the circuit court erred in considering matters outside the record?

¶ 17. The appellant contends that the circuit court erred in considering evidence not before the Commission in making its decision. In particular, the appellant objects to Kirk’s application for food stamps and a letter from Congressman Gene Taylor.
¶ 18. Appeals to circuit court are on the record from the Commission. Miss. Code Ann. § 71-5-525 (Rev.2000). Consequently, these additional documents should *1140 have not been included in the record. However, these documents do not support the decision of the circuit court. The food stamp application states that Kirk was on medical leave, not that she had been discharged for misconduct. The letter from Congressman Taylor is not mentioned in the circuit court’s discussion of the case.

D. Whether the circuit court erred in its review of the commission’s decision?

¶ 19. The circuit court should not have revisited the facts when the findings of the Commission, through the appeals referee and the Board of Review, were supported by substantial evidence. The evidence is clear that the claimant left her employment voluntarily without good cause.
¶ 20. By statute and by case law, the review by the circuit court and this Court should be limited to questions of law. Miss.Code Ann. § 71-5-531. In the absence of such legal questions, we as appellate courts should affirm the decision of the Commission.
CONCLUSION
¶ 21. In this case, the factual determination of the Commission is supported by the evidence, and there are no legal questions to resolve. We reverse and render. The decision of the Commission denying unemployment benefits is reinstated.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS REVERSED AND RENDERED.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.