ROBERTS, J.,
for the Court.
¶ 1. Following an accident that occurred while at work, Stephanie Roberson filed a petition to controvert with the Mississippi Workers’ Compensation Commission (Commission). The administrative law judge (ALJ), who initially heard Roberson’s case, denied benefits, and Roberson appealed. However, Roberson’s appeal was filed outside the time allowed, and the Commission dismissed her case. The Commission’s decision was affirmed by the Circuit Court of Lamar County, and Roberson now appeals to this Court. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In September 1999, Roberson worked for LFI Fort Pierce, Inc., a franchise of Labor Finders International. On September 10, 1999, she was instructed to report for work at Deep South Trucking. Once she arrived and began work, she claimed a work-related injury on her first day at work. Roberson filed a petition to controvert, pro se, and a hearing was subsequently held on November 2, 2006. In an order filed on February 28, 2007, the ALJ ultimately found that Roberson failed to prove by a preponderance of the evidence that there was a causal connection between her alleged injuries and the September 10,1999, accident.
¶ 3. As it happened, Roberson was out of town when the ALJ issued the February 28, 2007, opinion and did not immediately receive it when it was mailed to her house. When she returned to her home in late March 2007, she retrieved her mail and discovered the ALJ’s opinion. On April 2, 2007, thirty-three days after the ALJ’s opinion, Roberson filed a letter with the Commission expressing her desire to appeal the ALJ’s opinion. The Commission sua sponte dismissed Roberson’s appeal on April 5, 2007, as it found Roberson failed to file her appeal within twenty days as required by Mississippi Code Annotated section 71-3-47 (Rev.2000). Roberson subsequently appealed the Commission’s decision to the Circuit Court of Lamar County, and the trial court affirmed the Commission’s decision.
ANALYSIS
¶ 4. Our standard of review in workers’ compensation cases is one of deference. We must employ the substantial-evidence test. Total Transp., Inc. v. Shores, 968 So.2d 400, 404(1(15) (Miss. 2007). That is, “[rjeversal is proper only when [the] Commission[’s] order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.” Id. (citation omitted).
WHETHER THE COMMISSION’S DECISION DISMISSING ROBERSON’S APPEAL AS UNTIMELY WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.
¶ 5. Roberson argues that the trial court erred in failing to reverse the Commission’s decision to dismiss her appeal as untimely. She readily admits that her appeal from the ALJ’s decision was filed outside of the deadline provided in section 71-3-47, but she argues that her tardiness should be excused. We begin our analysis by noting that Roberson failed to cite any authority whatsoever in support *790 of her appeal to this Court. Typically, an appellant’s lack of authority renders an issue proeedurally barred from review on appeal. J.P.M. v. T.D.M., 932 So.2d 760, 779(¶ 61) (Miss.2006). Such is the case here, as we find Roberson’s sole issue on appeal is barred from our review. However, notwithstanding the procedural bar, Roberson still could not prevail on appeal.
¶ 6. Mississippi Code Annotated section 71-3-47 states that the decision of an ALJ “shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.” Additionally, Procedural Rule 10 of the Mississippi Workers’ Compensation Commission states, in part, “[i]n all cases where either party desires a review before the Full Commission from any decision rendered by an Administrative Judge, the party desiring the review shall within twenty (20) days of the date of said decision file ... a written request ... for review before the Full Commission.” The temporal mandate of section 71-3-47 is not solely a procedural mechanism as compliance with the section is required in order for the Commission to have jurisdiction to entertain the appeal. Williams v. Furniture Land, 637 So.2d 191, 191 (Miss.1994); Marlboro Shirt Co. v. Whittington, 195 So.2d 920, 921 (Miss.1967).
¶ 7. The record in this case makes clear that the ALJ’s order denying Roberson’s claim was filed on February 28, 2007. Equally clear is that Roberson failed to file her appeal of the ALJ’s decision until April 2, 2007, thirty-three days later, and well over the twenty-day deadline required by section 71-3-47. Roberson argues that her delay should be excused. She claims that a family emergency arose in January 2007, and as a result, she went to Illinois. She did not return until March 27, 2007. She also ai’gues that her delay should be excused as a result of her pro se status. However, absent “unique facts [that] would permit her petition to be considered constructively filed” within the twenty-day time period, which are not present in the instant case, Roberson’s reasons for missing the deadline are simply insufficient. Ford v. KLLM, Inc., 909 So.2d 1194, 1196(¶5) (Miss.Ct.App.2005). Therefore, we find that the Commission’s decision was supported by substantial evidence. Thus, this issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.