FAIR, J.,
for the Court:
¶ 1. Nicholas Thompson was employed by a staffing agency, Real Time Staffing Services Inc.[1] He was placed as a laborer at a company called Chromcraft. Thompson left that job because he wanted permanent employment. His application for unemployment benefits was denied by the Mississippi Department of Employment Security’s claims examiner. The denial was affirmed by the MDES administrative law judge (ALJ), the MDES Board of Review, and the circuit court. We also affirm.
FACTS
¶2. At the ALJ’s hearing, Thompson testified he had worked at Chromcraft for about nine months. He said he had applied for “full-time” employment with Chromcraft but was told they did not have a position available.[2] The company was partially closed for the Fourth of July holiday, and Thompson was not offered work during the week of the holiday. Thompson decided to leave the Chromcraft position at that time, and he began working with the staffing agency to place him with another employer that might hire him permanently or “full-time.” He did not return to Chromcraft after the holiday. Thompson was shortly thereafter placed with another company, but that lasted only about three weeks.
¶ 3. Real Time’s representative, Amanda Taylor, largely agreed with Thompson’s account, except that she testified Thompson quit his assignment to Chromcraft without notice. Real Time considered this to be a “voluntarily quit,” but later rehired him for another assignment. Thompson quit that one too, only two weeks after placement, again without notice.
¶ 4. MDES determined Thompson had voluntarily quit without good cause, and denied him unemployment benefits for that reason.
STANDARD OF REVIEW
¶ 5. “The scope of review in an unemployment-compensation case is limited. Absent fraud, the findings of fact of the Board of Review are conclusive if supported by substantial evidence.” Brown v. Miss. Dep’t of Emp’t Sec., 29 So.3d 766, 769 (¶ 7) (Miss.2010) (citation omitted). “A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise.” Sprouse v. Miss. Emp’t Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994).
DISCUSSION
¶ 6. At issue is Thompson’s claim for unemployment benefits stemming from his separation from Real Time after quitting Chromcraft. Neither party contends his subsequent rehiring and separation are relevant to this appeal.
¶ 7. The ALJ and the Board of Review found that Thompson had voluntarily quit his employment without good cause. Under Mississippi law, a worker is disqualified from receiving unemployment benefits if he left work voluntarily without good cause. Miss.Code Ann. § 71-5-513(A)(l)(a) (Supp.2013).
*176 ¶ 8. As for whether Thompson quit work voluntarily, the Mississippi Supreme Court “has held on numerous occasions that the question of whether an employee voluntarily quits or was discharged is a question of fact for the [MDES] to decide.” Huckabee v. Miss. Emp’t Sec. Comm’n, 735 So.2d 390, 394 (¶ 14) (Miss.1999) (citations omitted). Here, both Thompson and the employer’s representative testified that Thompson left his assignment with Chrom-craft to pursue another job opportunity that would allow him a better chance at permanent, full-time employment. This supports the Board of Review’s finding that Thompson left voluntarily.
¶ 9. Thompson’s argument on appeal contradicts his testimony at the hearing. He now claims he was terminated from Chromcraft rather than leaving voluntarily. He states in his brief on appeal that he left a message stating he had an emergency and that he could not come back to work at Chromcraft because returning to the job “was detrimental to his health, safety, and morals,” without elaborating. This argument must fail because we cannot consider new evidence on appeal; appellate courts are constrained to the record created before MDES. Miss. Code Ann. § 71-5-531 (Rev.2011); Bedford Care Ctr. v. Kirk, 935 So.2d 1135, 1139 (¶ 18) (Miss. Ct.App.2006).
¶ 10. As for good cause, “[t]he burden of proving good cause for leaving employment voluntarily rests with the employee.” Quinn v. Miss. Dep’t of Emp’t Sec., 56 So.3d 1281, 1283 (¶ 10) (Miss.Ct. App.2011) (citing Miss.Code Ann. § 71-5-513(A)(1)(c) (Supp.2010)). Thompson offers no argument of good cause on appeal, nor does evidence of good cause appear in the record. While Thompson did testify he wanted “full-time” work, he did not elaborate. In particular, he did not testify to a “substantial reduction in earnings” or some other explanation constituting good cause that would permit him to quit and collect unemployment benefits. See Miss. Emp’t Sec. Comm’n v. Benson, 401 So.2d 1303, 1304 (Miss.1981). Instead, it appears Thompson quit because Chromcraft would not hire him directly, even though it was willing to retain him through the staffing agency.
¶ 11. We find substantial evidence evidence in the record to support the MDES Board of Review’s decision to deny unemployment benefits.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. The company was also sometimes called “Select Staffing” in the record.

. It is not clear from Thompson’s testimony whether he wanted more hours through Real Time or a permanent position directly with Chromcraft.