## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-WC-01016-COA

**CRAIG STEVENSON**                                                                 **APPELLANT**

**v.**

**GE HEALTHCARE AND ELECTRIC**                                          **APPELLEES**
**INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2017 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | JAMES (JAY) R. FOSTER II |
| ATTORNEYS FOR APPELLEE: | BETTY B. ARINDER MICHELLE BARLOW MIMS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 05/29/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. Craig Stevenson appeals the judgment of the Mississippi Workers' Compensation Commission (Commission), arguing that it erred in denying his motion to reinstate his workers' compensation claim against GE Healthcare and Electric Insurance Company (GE Healthcare).

¶2. Finding no error, we affirm.

FACTS

¶3. Stevenson filed a petition to controvert on November 13, 2012, alleging that he sustained a work-related injury on October 25, 2008. GE Healthcare filed an answer on

December 5, 2012, and denied that a work-related injury had occurred. GE Healthcare also denied that Stevenson was performing service growing out of or in the course of his employment at the time of the alleged injury or occupational disease. On January 8, 2015, the Commission dismissed the claim because of Stevenson's "failure to respond to a status request." The order of dismissal stated that

> [t]his order will become final unless Claimant or any other party files a written request for review of this order within twenty (20) days per Miss. Code Ann. 71-3-47 (Rev. 2000). A final order of dismissal for failure to respond to a status request is the rejection of a claim sufficient to trigger the one-year statute of limitations set forth in Miss. Code Ann. Section 71-3-53 (Rev. 2000).

¶4. Since Stevenson did not appeal the order of dismissal within twenty days, it became final on January 28, 2015. The record reveals that he did not file his *motion to reinstate* his claim until August 18, 2016, well beyond one year of the order becoming final, and he did not take any other action to toll the one-year statute of limitations prescribed by section 71-3-53.[1] The AJ and, thereafter, the full Commission denied Stevenson's motion. Stevenson appeals, claiming that he should not be penalized for his previous lawyer's inaction because he relied upon his lawyer's representation that his case was pending.

---

[1] "Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission **may**, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, **or at any time prior to one (1) year after the rejection of a claim**, review a compensation case, issue a new compensation order which may terminate, continue, **reinstate**, increase, or decrease such compensation, or award compensation . . . ." Miss. Code Ann. § 71-3-53 (Rev. 2011) (emphasis added).

DISCUSSION

¶5.    "The standard of review by which an appellate court resolves a workers' compensation case is that of substantial evidence; however, where the issue is one of law and not of fact, the standard of review is de novo." *Shelby v. Peavey Elecs. Corp.*, 724 So. 2d 504, 506 (¶8) (Miss. Ct. App. 1998). "[T]he commission has continuing jurisdiction, within limits, to reopen a case in the doing of which it will not be reversed unless its discretion has been abused." *J.R. Logging v. Halford*, 765 So. 2d 580, 585 (¶18) (Miss. Ct. App. 2000).

¶6.    As stated, Stevenson argues that he relied upon his previous lawyer's representation that his case was pending and that he should not be penalized for his lawyer's inaction. He asserts that he was told by his attorney that his case was pending and that he was simply waiting on the AJ to issue an order; however, the AJ had already dismissed his case by way of her January 8, 2015 order. He argues that the dismissal of this case occurred through no fault of his own. Stevenson claims that his first attorney died, and his second attorney did not provide him with the correct information about the status of his case. He contends that he was entitled to rely on his attorney's representations and, therefore, his claim should have been reinstated. He cites *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 385 (1993), for the proposition that any neglect in this case was excusable based on his attorney's inaction.

¶7.    We first note that *Pioneer* is a bankruptcy case, not a workers' compensation case. In *Pioneer*, the Supreme Court held:

3

With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the [Ninth Circuit] Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. at 395.

¶8. GE Healthcare responds that the Commission was correct in upholding the decision of the AJ denying Stevenson's motion to reinstate his claim and that Stevenson cannot show excusable neglect in failing to timely appeal the dismissal of his claim based on the alleged misrepresentations of his attorneys. Alternatively, GE Healthcare argues that Stevenson's claim is barred by the two-year statute of limitations since the injury occurred in 2008, the claim was denied by GE Healthcare, no benefits were paid, and Stevenson did not file his petition until 2012—four years after the injury.

¶9. We find, as did the AJ and the full Commission, that Stevenson's lawyer failed to timely file a petition to controvert within two years of the date of Stevenson's injury; he failed to appeal the January 8, 2015 order within twenty days; and he failed to file a motion to reinstate Stevenson's claim within one year of the January 28, 2015 final order. The Mississippi Supreme Court has adopted and applies the excusable neglect standard, set forth in *Pioneer*, in determining whether excusable neglect exists for a party's omission in a given case. *See Nunnery v. Nunnery*, 195 So. 3d 747, 752 (¶15) (Miss. 2016).

4

¶10. Stevenson failed to provide any proof to the Commission, and has failed to do so here, of his allegation that his second lawyer advised him that the AJ and Commission had not ruled on his case. Moreover, Stevenson has never provided any information regarding when he became aware that his case had been dismissed. Therefore, he has failed to demonstrate excusable neglect, notwithstanding the dereliction of his previous attorney if indeed those allegations are true. As such, this issue is without merit. We find no fault with the Commission failing to reinstate Stevenson's case.

¶11. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**