# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-WC-00016-COA

TRACIE L. HARDY                                                    APPELLANT

v.

XANITOS, INC. AND NORTH RIVER                                     APPELLEES
INSURANCE COMPANY

DATE OF JUDGMENT:                12/06/2018
TRIBUNAL FROM WHICH             MISSISSIPPI WORKERS' COMPENSATION
APPEALED:                       COMMISSION
ATTORNEY FOR APPELLANT:         TRACIE L. HARDY (PRO SE)
ATTORNEY FOR APPELLEES:         COURTNEY TITUS DAVIS
NATURE OF THE CASE:             CIVIL - WORKERS' COMPENSATION
DISPOSITION:                    AFFIRMED - 11/05/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1. After allegedly suffering a back injury while at work, Tracie Hardy filed a petition to controvert with the Mississippi Workers' Compensation Commission (Commission). The administrative judge (AJ) who initially heard Hardy's case denied benefits. Hardy appealed to the Commission. But her appeal was filed outside the time allowed, and the Commission dismissed her case as untimely without reaching the merits. Hardy now appeals to this Court. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Hardy worked as an operations manager for Xanitos Inc. On April 16, 2018, Hardy filed a petition to controvert, alleging that she injured her back on March 6, 2018, while

working in the course and scope of her employment. An AJ held a hearing on Hardy's claim on October 9, 2018. Thereafter, on November 1, 2018, after reviewing the evidence in the record and writing a detailed opinion, the AJ denied Hardy's claim for compensation, finding that Hardy failed to establish the existence of a work-related injury.

¶3. The AJ's denial of Hardy's claim became final November 20, 2018.[1] Although Hardy was represented by counsel at her initial hearing, Hardy filed a request for review by the Commission pro se, on November 28, 2018. In her request for review, Hardy stated, "I was notified of the decision on [November 26, 2018,] by my former attorney . . . after I inquired about the process. My understanding is I have until Friday, November 30, 2018, to retain an appeal [counsel] per my former attorney." Hardy did not support her request for review with any evidence to explain or substantiate her reasons for failing to abide by the statutory timeline for appeal. On December 6, 2018, the Commission dismissed Hardy's request for review as untimely without reaching the merits of her claim. Hardy noticed her appeal to this Court on December 21, 2018.

¶4. On appeal, Hardy largely sidesteps the Commission's order dismissing her untimely request for review of the AJ's opinion. In her reply brief, Hardy states that her failure to request timely review of the AJ's denial of her claim was due to her former attorney's late receipt of the AJ's order and counsel's incorrect advice that Hardy had thirty days to appeal.

---

[1] Pursuant to Mississippi Code Annotated section 71-3-47 (Rev. 2011) and under Commission rules, Hardy had twenty days to appeal the AJ's decision to the Commission. By operation of those rules, an AJ's decision becomes final on the twentieth day if an appeal is not timely filed with the Commission. Miss. Code Ann. § 71-3-47; Miss. Workers' Comp. Comm'n Proc. R. 2.10. Here, Hardy did not appeal the AJ's denial of benefits within twenty days.

For support, she cites two documents: (1) a "cease and desist" letter Hardy sent her attorney dated December 21, 2018,[2] in which Hardy demanded that her attorney withdraw from representation and complained that the law firm was "still logging in the [Commission's] system checking the status of [Hardy's] case"; and (2) a notice of attorney's lien filed with the Commission by her former attorney on January 8, 2019. The Commission did not have either of these documents in its record when it dismissed Hardy's request for review (or, for that matter, before Hardy filed her notice of appeal to this Court). As to the merits of her claim, Hardy asserts that the AJ erred in finding that she had not suffered a compensable injury and that the AJ's ruling was contrary to applicable law and not supported by substantial evidence. After reviewing the record, we find no error and affirm.

ANALYSIS

¶5.    This Court's standard of review in workers' compensation cases is one of substantial deference. *Roberson v. LFI Fort Pierce Inc.*, 3 So. 3d 788, 789 (¶4) (Miss. Ct. App. 2008). "This Court will reverse an order of the Workers' Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence." *Ford v. KLLM Inc.*, 909 So. 2d 1194, 1195 (¶3) (Miss. Ct. App. 2005) (citing *Mitchell Buick, Pontiac & Equip. Co. v. Cash*, 592 So. 2d 978, 980 (Miss. 1991)).

¶6.    Mississippi Code Annotated section 71-3-47 states that the decision of an AJ "shall be final unless within twenty (20) days a request or petition for review by the full commission is filed." Consistent with this statute, the Commission's Procedural Rule 2.10

---

[2] Hardy's letter was filed with the Commission on December 27, 2018.

and Mississippi case law clearly establish that a claimant must file a request or petition for review within twenty days of an AJ's decision. *See Ford*, 909 So. 2d at 1196 (¶ 4); *see also Staples v. Blue Cross and Blue Shield of Miss. Inc.*, 585 So. 2d 747, 748 (Miss. 1991); *Day Detectives Inc. v. Savell*, 291 So. 2d 716, 720 (Miss. 1974).

¶7.     On appeal, the parties expend much effort on the merits of Hardy's claim and the substantive findings set out in the AJ's decision denying the claim. But the Commission dismissed Hardy's request for review as untimely and did not reach the merits in its decision. Accordingly, we review only the Commission's order and the grounds upon which it was based, not the merits of the AJ's decision.

¶8.     In its order, the Commission held that Hardy's appeal was time-barred because of the twenty-day time frame set by statute and the Commission rule. It is undisputed that the AJ denied Hardy's claim in an order entered on November 1, 2018. Hardy therefore had twenty days to file "a request or petition for review by the full commission." Miss. Code Ann. § 71-3-47. But Hardy filed her request for Commission review on November 28, 2018, which was at least one week beyond the twenty-day window, and thus was plainly time-barred. To excuse her untimely filing, Hardy asserts that her former counsel did not receive notice of the AJ's denial of her claim until November 26, 2018, and did not inform Hardy of the decision until that date. Hardy also contends that she relied on advice of her former counsel, who incorrectly informed Hardy that she had thirty days to file her appeal.

¶9.     In her reply brief to this Court, Hardy essentially interposes the concept of excusable neglect to salvage her untimely Commission appeal. Hardy cites no authority to support this

4

position, so to the extent that she raises this issue, it is procedurally barred from review. *See J.P.M. v. T.D.M.*, 932 So. 2d 760, 779 (¶61) (Miss. 2006); *see also* M.R.A.P. 28(a)(7).[3] Notwithstanding, Hardy also fails to show excusable neglect in this case.

¶10.    The United States Supreme Court set forth the excusable neglect standard in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 385 (1993). There, the Supreme Court stated that when

> determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395 (citations omitted); *see also Nunnery v. Nunnery*, 195 So. 3d 747, 752 (¶15) (Miss. 2016) (adopting and applying *Pioneer*).

¶11.    This Court applied the *Pioneer* standard in *Stevenson v. GE Healthcare*, 269 So. 3d 412 (Miss. Ct. App. 2018).  In that case, Stevenson appealed an order denying workers' compensation due to his failure to file an appeal within twenty days or reinstate his case within one year of the final order. *Id.* at 413 (¶4).  Stevenson contended "that he should not be penalized for his previous lawyer's inaction," explaining that he relied on his previous "lawyer's representation that his case was pending," when it had actually been finally decided. *Id.* at (¶6).  Still, we upheld the Commission's decision, stating that "Stevenson

---

[3] This procedural bar applies to pro se appellants just as it does to appellants represented by attorneys.  *See Roberson*, 3 So. 3d at 789-90 (¶¶5-7) (also stating that Roberson's sole issue in her workers' compensation appeal was barred from review because she failed to cite to any authority).

failed to provide any proof to the Commission, and has failed to do so here, of his allegation that his [previous] lawyer advised him that the [AJ] and Commission had not ruled on his case." *Id*. at 414 (¶10). Because Stevenson never provided any information regarding when he became aware that his case had been dismissed, he "failed to demonstrate excusable neglect . . . and [we found the] issue [was] without merit." *Id*.

¶12.    Similar to *Stevenson*, Hardy "failed to provide any proof to the Commission," *id.*, to excuse her untimely filing of her request for review. Hardy merely stated in her November 28, 2018 request for review that she "was notified of the [ALJ's] decision on [November 26, 2018] by my former [a]ttorney . . . via email after I inquired about the process. My understanding is I have until Friday, November 30, 2018 to retain an appeal [counsel] per my former attorney." This assertion, standing alone, is not enough to show excusable neglect. Nor is Hardy's belated attempt to substantiate her allegations with two documents tardily filed with the Commission after it dismissed her claim: (1) the "cease and desist" letter from Hardy to her former attorney dated December 21, 2018, and filed with the Commission on December 27, 2018; and (2) a notice of attorney's lien filed by her former counsel on January 8, 2019. These documents, even assuming they were probative, were not before the Commission when it dismissed Hardy's request for review on December 6, 2018. So we decline to consider them here. *See Thompson v. Miss. Dep't of Emp't Sec.*, 130 So. 3d 174, 176 (¶9) (Miss. Ct. App. 2014) (stating that appellate courts are constrained to the record created before the agency).[4]

---

[4] Further, when Hardy noticed her appeal to this Court on December 21, 2018, before either of these documents was in the Commission's record, the Commission lost its

6

¶13. Based on the record that was before the Commission, we find no error in the Commission's dismissal of Hardy's untimely request for review. Hardy offered no sufficient explanation to allow the Commission, or this Court, to sidestep the statute and rule governing the time for filing a request for review of the AJ's decision. We therefore affirm the Commission's dismissal.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

jurisdiction over this matter and would not have been able to consider the evidence Hardy raises on appeal. *See Knight v. State*, 959 So. 2d 598, 602 (¶11) (Miss. Ct. App. 2007) ("The general rule is that 'where a case has been removed to an appellate court by appeal, the lower tribunal is divested of any jurisdiction to subsequently modify its order . . . .'" (quoting *Banana v. State*, 638 So. 2d 1329, 1331 (Miss. 1994))); *see also* Miss. Code Ann. § 71-3-51 (Rev. 2011) (providing that "[n]o controversy shall be heard by the commission . . . while the same matter is pending . . . before . . . any court in this state").